**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DARRELL HARLOW,

                                    Petitioner,                    9:22-cv-477
                                                                   (ECC/DJS)
v.

GERALD JONES, Superintendent,

                                    Respondent.

---

Darrell Harlow, Petitioner, *Pro se*
Michelle Elaine Maerov, Asst. Att'y General, *for Respondent*

**Hon. Elizabeth C. Coombe, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

Petitioner Darrell Harlow, a New York State inmate, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. No. 1. Respondent answered and filed the appropriate state-court records. Dkt. No. 15. Petitioner filed a reply. Dkt. No. 21. This matter was assigned to United States Magistrate Judge Daniel J. Stewart who issued a Report and Recommendation on November 21, 2024, recommending that the Petition be denied and dismissed in its entirety, and that no certificate of appealability be issued to Petitioner. Dkt. No. 31. Magistrate Judge Stewart advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. Dkt. No. 53 at 14. Petitioner subsequently filed objections to the Report-Recommendation. Dkt. Nos. 36, 39. For the reasons set forth below, the Report-Recommendation is adopted in its entirety.

## I.    STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted).  Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . . " *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error.  *Molefe*, 602 F. Supp. 2d at 487. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" set forth in the original submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

## II.    DISCUSSION

On April 26, 2018, Petitioner was convicted, following a jury trial, of criminal possession of a weapon in the second degree and reckless endangerment in the second degree.  Dkt. No. 1 at 1; TT. at 634.[1]  Petitioner was sentenced to a term of imprisonment of nine years with five years

---

[1] Citations to the Petition, Dkt. No. 1, refer to pagination generated by the Court's CM/ECF system.  Citations to the state court record (SR.), trial transcript (TT.), and sentencing transcript (ST.), Dkt. No. 15, refer to pagination provided by Respondent.

post-release supervision for criminal possession of a weapon and one year for reckless endangerment, to be served concurrently.  Dkt. No. 1 at 1; ST. at 16.  Petitioner was also found in contempt of court for failing to appear while released on bail and sentenced to an additional thirty days of imprisonment.  SR. at 275, ST. at 18. The Appellate Division, Fourth Department, affirmed Petitioner's conviction on June 17, 2021, and the Court of Appeals denied leave to appeal on September 27, 2021.  *People v. Harlow*, 195 A.D.3d 1505, 1506 (4th Dep't 2021), *lv. denied*, 37 N.Y.3d 1027.

On July 21, 2021, Petitioner filed a pro se CPL § 440.10 motion to vacate judgment.  Dkt. No. 1 at 4; SR. at 425-26.  The Onondaga County Supreme Court denied Petitioner's CPL § 440.10 motion on November 3, 2021.  SR. at 544.  On November 16, 2021, Petitioner requested permission to appeal to the New York Appellate Division, Fourth Department pursuant to CPL § 460.15.  *Id.* at 545.  On April 19, 2022, the Appellate Division denied Petitioner's CPL § 460.15 motion to appeal.  *Id*. at 562.

Petitioner subsequently filed a pro se coram nobis motion alleging he was denied effective assistance of appellate counsel.  SR. at 564.  The Appellate Division denied the motion on April 4, 2022.  *Id*. at 590.

The Petition presently before the Court asserts eleven grounds for habeas corpus relief under 28 U.S.C. § 2254.  Dkt. No. 1.  Specifically, Petitioner argues that (1) there was insufficient probable cause for his arrest; (2) there was insufficient probable cause for the search warrant of his vehicle and the seizure of his vehicle and sweatshirt; (3) police testimony constituted hearsay; (4) he was denied the opportunity to confront his accusers; (5) the court's jury instructions on gun possession raised the possibility that he was convicted of an unindicted offense; (6) the guilty verdict was against the weight of the evidence; (7) the prosecution withheld *Brady* material; (8) he

received ineffective assistance of trial counsel; (9) he received ineffective assistance of appellate counsel; (10) he was illegally detained; and (11) the jail calls were improperly admitted into evidence.  Dkt. No. 1 at 6-14.  After carefully considering each of these claims, Magistrate Judge Stewart recommended that the Petition be denied.  Dkt. No. 31.  The Court assumes familiarity with the Report-Recommendation and the facts underlying the Petition as summarized in the Report-Recommendation, and considers Petitioner's objections in the context of each asserted ground for relief.

      A.     **Evidentiary Rulings**

Petitioner challenges purported "hearsay" testimony from various police officers at his trial (1) narrating video taken from closed-circuit cameras depicting events they did not witness, and drawing conclusions about what they saw on the videos, and (2) indicating that they received information in the course of their investigation leading them to identify Petitioner as a suspect. Dkt. No. 39 at 3, 5-6.  Magistrate Judge Stewart rejected Petitioner's habeas claims based on evidentiary challenges, but limited his analysis to information that came in via the 911 call, which Petitioner contends is not at issue here.  Dkt. Nos. 31 at 11-14, 39 at 5-6.  Based on Petitioner's objections, the Court reviews Magistrate Judge Stewart's disposition of these claims de novo.

During the course of the underlying trial, defense counsel became aware that the prosecutor intended to introduce as evidence surveillance camera video recordings.  Defense counsel stipulated to their admission, but objected to any officer testifying as to what they viewed on those videos when they watched them, or any interpretation of what the videos showed.  TT. at 13-15. Defense counsel further argued that what the videos showed was a question of fact for the jury to address and that they could draw whatever evidentiary inferences they wished from the videos, but it would be improper bolstering for the officers to explain what they saw in the same videos.  *Id.*

In response, the prosecutor argued that it would be improper to preclude his witnesses from providing a narrative of what they observed in the videos. *Id.* The trial judge ultimately overruled defense counsel's objection and permitted the officer-witnesses to testify about what they observed on the surveillance videos, which included their opinions that Petitioner and his vehicle were depicted in the videos. *Id.* at 330-33, 474-77. The trial judge gave the following limiting instruction to the jury with respect to the police testimony regarding the content of videos that were admitted into evidence: "As with all evidence, you are the finders of fact. It is for you to determine what is depicted in those videos as the finders of fact." *Id.* at 606.

Defense counsel also objected to testimony elicited by officers regarding what they learned from others about Petitioner's involvement in the shooting as inadmissible hearsay. TT. at 306-09. The trial judge agreed that questions concerning "what other people said" to these officers would be sustained upon objection, but that the officers could testify to information that prompted their investigation and what actions they took based on that information. *Id.* at 310-22. The trial court agreed to, and did, issue a limiting instruction that the officer's testimony about what they learned in their investigation was evidence not admitted for the truth of the matter asserted "but rather to complete the narrative for what the officers did in response to the call." *Id.* 606. Thus, at trial the officers were permitted to testify that they came to learn "that the possible suspect vehicle in the incident was a light green BMW SUV," and that Petitioner had been determined to be a suspect. *Id.* at 328, 385-86. Defense counsel did not object to the prosecutor's rephrased questions concerning information the officers learned in the course of their investigation.

On appeal, the Appellate Division found that the trial court "improperly allowed a police officer to identify [Petitioner] in a surveillance video." *Harlow*, 195 A.D.3d at 1507. The Appellate Division explained that "there was no basis for concluding that the [officer] was more

likely than the jury to correctly determine whether . . . defendant was depicted in the video. *Id.* (citations omitted). The court further noted that the officer was not familiar with defendant, and there was no evidence showing that defendant had changed his appearance before trial. *Id.* (citations omitted). The Appellate Division also found that the trial court erred in permitting the prosecutor to elicit testimony from the officers regarding what they learned from others about Petitioner's involvement in the shooting. *Id.* The court determined that the "challenged testimony was hearsay that was not admissible under any cognizable exception to the hearsay rule;" and that "[t]here is . . . no general exception to the hearsay rule for testimony relating to background conduct, information, or explanation of a subject matter or event." *Id.* (citations omitted). Nevertheless, the trial court concluded that any error in admitting the challenged testimony "was harmless in light of the otherwise overwhelming evidence of defendant's guilt and because there was no significant probability that the error in admitting the testimony contributed to the conviction." *Id.* (citation omitted).

Federal habeas review of a state court's evidentiary ruling is limited. *See Perez v. Greiner*, No. 01 Civ. 5522, 2002 WL 31132872, at *5 (S.D.N.Y. Sept. 25, 2002) (citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)) ("The Supreme Court has held that federal habeas courts will not review evidentiary rulings made by a state court unless a conviction resulting from those rulings violates the Constitution, laws, or treaties of the United States."). Here, the Appellate Division considered Plaintiff's contentions on the merits, concluding that it was error to allow the officers to testify about their observations from the video, but that the error was harmless. Although a harmlessness determination concerning evidence erroneously admitted in violation of state evidentiary law is a state law question not subject to federal habeas review under § 2254, a district court may "review an error of state evidentiary law to assess whether the error deprived the petitioner of his due

process right to a 'fundamentally fair trial.'" *Freeman v. Kadien*, 684 F.3d 30, 34–35 (2d Cir. 2012) (citations omitted) (affirming the denial of the petition where the harmlessness determination regarding an underlying error of state law "was itself a decision of state law that cannot form the basis for federal habeas relief"); *see also Zarvela v. Artuz*, 364 F.3d 415, 418 (2d Cir. 2004) (citation omitted) ("Even erroneous evidentiary rulings warrant a writ of habeas corpus only where the petitioner 'can show that the error deprived [him] of a *fundamentally fair* trial.'"). To decide whether the erroneous admission of the evidence is "so extremely unfair that its admission violates fundamental conceptions of justice" and thus violates due process, the district court examines "whether the erroneously admitted evidence, viewed objectively in light of the entire record before the jury, was sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it." *Borgella v. Bell*, No. 18-cv-2026, 2019 WL 2527293, at *6 (E.D.N.Y. June 19, 2019) (quoting *Dunnigan v. Keane*, 137 F.3d 117, 125 (2d Cir. 1998) and *Collins v. Scully*, 755 F.2d 16, 19 (2d Cir. 1985)), *appeal dismissed* (Oct. 16, 2019).

At the outset, it is not at all clear that the admission of testimony concerning information obtained by the officers leading them to identify Petitioner as a suspect was an error of constitutional proportion. Such testimony "is typical of the accepted method for explaining how, as part of an investigation, a suspect came under suspicion without disclosing the hearsay that often forms a part of that investigation and leads to the suspect." *Washington v. Noeth*, No. 17-cv-0004, 2021 WL 3173273, at *4 (E.D.N.Y. July 27, 2021) (citing *Burgess v. Sheahan*, No. 16-cv-1461, 2017 WL 9325814, at *12 (S.D.N.Y. Sept. 8, 2017)), *report and recommendation adopted*, 2018 WL 2186409 (S.D.N.Y. May 11, 2018)).

Even assuming that the trial court did err in admitting the aforementioned testimony, it was not so material as to have deprived petitioner of his constitutional right to a fundamentally fair trial.  As Magistrate Judge Stewart set forth in his Report-Recommendation, there was sufficient evidence in the record for the jury's guilty verdict, including the surveillance video footage, the discovery of the subject firearm hidden in the rear tire compartment of the vehicle Petitioner brought to the police station, the bullet casing found concealed in a bedsheet in the front seat of that vehicle, and Petitioner's jail calls.  Dkt. No. 31 at 13-14.  Moreover, the trial court provided limiting instructions to the jury, effectively directing the jurors to draw their own conclusions about what and who appears on the video based on their viewing of the evidence, as opposed to relying on the officer's opinion testimony.  Accordingly, the state court's harmless error decision was not contrary to, or an unreasonable application of, clearly established Federal law, and habeas relief is not warranted.

**B.    Confrontation Clause**

Petitioner argues that his confrontation rights were violated by the admission of the officers' testimony regarding what they learned from unnamed individuals—who did not testify at trial—about Petitioner's involvement in the shooting.  Dkt. No. 39 at 1-5.  Magistrate Judge Stewart found that Plaintiff's rights under the Confrontation Clause were not violated as to the "unidentified 911 caller" who did not testify at trial, because the 911 caller's statements were given in the context of an ongoing emergency and were thus non-testimonial.  Dkt. No. 31 at 15-16.  However, Petitioner contends that his challenge is not to the 911 caller's statements, but "against the two anonymous males who chose to remain anonymous in [the officer's] initial report."  Dkt. No. 39 at 2.  Based on Petitioner's objections, the Court reviews Magistrate Judge Stewart's disposition of this claim de novo.

Attached to Petitioner's objections is a copy of what appears to be a portion of a police report, narrating statements from two unidentified sources that they (1) heard two shots and witnessed a green BMW SUV fleeing south on Cannon Street, (2) observed a light green BMW SUV with no window tint traveling south of Cannon Street, (3) observed a "light skin black male" fire two shots using a handgun from the driver's window, and (4) identified Petitioner as the "only person" known with a vehicle as described, with a tan interior.  Dkt. No. 39 at 13.  This report was not admitted as trial evidence, nor did the testifying officers identify to the jury how or from whom they learned this information during the course of their investigation.

The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI; *see Pointer v. Texas*, 380 U.S. 400, 403 (1965).  In *Crawford v. Washington*, the Supreme Court held that the Confrontation Clause bars "admission of [prior] testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." 541 U.S. 36, 68 (2004); *see also Washington v. Griffin*, 876 F.3d 395, 404 (2d Cir. 2017). "Although the Supreme Court declined to spell out a comprehensive definition of 'testimonial,' it made clear that [w]hatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." *DeJesus v. Perez*, 813 F. App'x 631, 633 (2d Cir. 2020) (cleaned up) (quoting *Crawford*, 541 U.S. at 68). "Furthermore, the Confrontation Clause 'does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.'" *Id.* (quoting *Crawford,* 541 U.S. at 59 n. 9); *see also Tennessee v. Street*, 471 U.S. 409, 414 (1985) (holding that non-hearsay admissions do not raise "Confrontation Clause concerns").

In *Dejesus v. Perez*, the Second Circuit addressed similar facts under the Confrontation Clause. Dejesus sought habeas relief stemming from his state conviction by a jury of murder in the second degree. *DeJesus v. Perez*, 813 F. App'x 631, 632 (2d Cir. 2020). Before trial began, the state court denied the prosecution's request to admit testimony from a member of the victim's family concerning a telephone call that was received the day of the shooting. *Id.* at 632. In that call, an anonymous person said that "the shooter's name is Joshua" and provided his address. *Id*. The family member relayed this information to the police at approximately 4:15 p.m. on the day of the shooting. The court did not permit the prosecution to reference the phone call, but allowed the prosecution to ask the detectives if they had a suspect in mind based on their preliminary investigation. *Id.* On direct examination, the detectives revealed that they identified DeJesus as a suspect. *Id.*

The Second Circuit rejected Dejesus' claim that habeas relief was warranted due to the violation of his right to confrontation by the detectives' testimony. *Dejesus,* 813 F. App'x at 634. The Second Circuit explained that, "as it relates to Confrontation Clause claims involving an implicit accusation by a non-testifying witness, '[t]he relevant question is whether the way the prosecutor solicited the testimony made the source and content of the conversation clear.'" *Id*. at 635 (quoting *Ryan v. Miller*, 303 F.3d 231 (2d Cir. 2002)). In applying this inquiry to Dejesus's claim, the Second Circuit noted that "neither the source of the information nor its specific content was ever revealed to the jury during questioning by the prosecutor; rather, the jury only learned that the police suspected DeJesus as the murderer" prior to a witness interview and identification of DeJesus. *Id.* The Second Circuit further noted that in the context of indirect accusations such as that asserted against DeJesus, "[n]o Supreme Court case has held . . . that the Confrontation Clause is violated where neither the source nor content of the information is revealed by the

prosecution to the jury." *Id.* Accordingly, the Court concluded that the facts did not permit habeas relief.

The facts in *Dejesus* are analogous to the instant Petition. The officers here did not reference the source or content of the information they received from the anonymous individuals referenced in the police report, but limited their testimony to the fact that there came a point in their investigation when they considered Petitioner to be a suspect. The trial court also issued a limiting instruction as to testimony concerning what the officers learned in their investigation. TT. at 606. Because these facts present "too vague an accusation to constitute a Confrontation Clause violation within the scope of the Supreme Court's jurisprudence," Petitioner is not entitled to habeas relief. *Dejesus,* 813 F. App'x at 636.

### C.      Probable Cause

Petitioner objects to Magistrate Judge Stewart's recommendation to dismiss his habeas claim based on insufficient probable cause. Dkt. No. 39 at 7. Petitioner contends that there was "no corrective procedure to address [his Fourth] Amendment claims," and that he has shown an "unconscionable breakdown in that process." *Id.* at 7, 8. In the Report-Recommendation, Magistrate Judge Stewart determined that Petitioner's claims of insufficient probable cause are not cognizable, and therefore this Court cannot provide habeas relief, because New York has adequate processes for litigating probable cause claims, and Petitioner availed himself of those processes. Dkt. No. 31 at 8-11.

Upon de novo review, the Court agrees that Plaintiff is not entitled to habeas relief on this basis. Federal habeas relief for alleged Fourth Amendment violations is only available "(a) if the state has provided no corrective procedures at all to redress the alleged [F]ourth [A]mendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded

from using that mechanism because of an unconscionable breakdown in the underlying process." *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992). As to the former, the Second Circuit has held that "federal courts have approved New York's procedure for litigating Fourth Amendment claims . . . as being facially adequate" under New York Criminal Procedure Law §710.10. *Capellan v. Riley,* 975 F.2d at 70 n. 1. There is no dispute that Petitioner availed himself of this process at multiple stages of his underlying litigation. Dkt. No. 1 at 9; *see* Dkt. No. 31 at 10-11. "[O]nce it is established that a petitioner has had an opportunity to litigate [their] Fourth Amendment claim (whether or not [they] took advantage of the state's procedure), the court's denial of the claim is a conclusive determination that the claim will never present a valid basis for federal habeas relief." *Graham v. Costello*, 299 F.3d 129, 134 (2d Cir. 2002).

Petitioner's alternative claim that there was an unconscionable breakdown in the process is equally meritless. The Second Circuit clarified that the inquiry into whether there was an unconscionable breakdown in a state's corrective procedures to address alleged Fourth Amendment violations is based on "the existence and application of the corrective processes themselves rather than on the outcome resulting from the application of adequate state court corrective procedures." *Singh v. Miller*, 104 F. App'x 770, 772 (2d Cir. 2004). More specifically, "[a]n unconscionable breakdown occurs when the state court fails to conduct a reasoned inquiry into the petitioner's claims." *Valtin v. Hollins*, 248 F. Supp. 2d 311, 317 (S.D.N.Y. 2003). Petitioner has failed to make such a showing here. Accordingly, Petitioner is not entitled to habeas relief on this basis.

### D.  Ineffective Assistance of Trial Counsel

Petitioner objects to the portion of Magistrate Judge Stewart's Report-Recommendation denying habeas relief based on the ineffective assistance of trial counsel. Dkt. No. 39 at 9-10.

Petitioners' only meaningful objections in this regard are primarily a reiteration of the allegations and information already provided in papers submitted to Magistrate Judge Stewart, which triggers review for clear error. Having reviewed these portions of the objections for clear error, and finding none, the Court adopts Magistrate Judge Stewart's Report-Recommendation as to the ineffective assistance of counsel claims.

The Court has reviewed the remainder of the Report-Recommendation for clear error. Having found none, the Court adopts the remainder of Magistrate Judge Stewart's Report-Recommendation in its entirety.

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Stewart's Report and Recommendation, Dkt. No. 31, is **ADOPTED** in its entirety; and it is further

**ORDERED** that the Petition, Dkt. No. 1, is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that no certificate of appealability pursuant to 28 U.S.C. § 2253(c) shall issue. Any request for a certificate of appealability must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 30, 2025

_____
Elizabeth C. Coombe
U.S. District Judge